**AGRISTOR LEASING, Plaintiff,**

v.

**Steven KJERGAARD and Cheryl Kjergaard, Defendants.**

Civ. No. 4-83-756.

United States District Court, D. Minnesota, Fourth Division.

Dec. 14, 1983.

Lauren R. Lonergan, O'Connor & Hannan, Minneapolis, Minn., for plaintiff.

James R. Anderson, Marshall, Minn., for defendants.

MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff, AgriStor Leasing (AgriStor), brought this action for money damages, injunctive relief, a writ of replevin, and attorney's fees and costs against defendants, Steven Kjergaard and Cheryl Kjergaard, alleging breach of lease and wrongful detention of property. Jurisdiction is alleged pursuant to 28 U.S.C. § 1332. This matter is now before the court on the motion of AgriStor for pre-judgment seizure of personal property pursuant to F.R.Civ.P. 64 and Minn.Stat. § 565.23, subd. 3 and on the motion of defendants for stay or dismissal.

*Facts*

AgriStor is in the business of leasing farm equipment to individual farmers. Defendants are farmers who entered into an Agricultural Equipment Lease Agreement (Exhibit A of Complaint) with AgriStor on September 13, 1981. Under that lease, defendants leased a "2588 Harvestore" and a "Goliath Unloader with 200′ with 16″ belt feeder" and agreed to pay rent to AgriStor in eight consecutive annual installments of $25,279.29 commencing on January 1, 1983.

AgriStor has made demands on defendants to pay the amount due on January 1, 1983, but defendants have refused to comply with these demands. Moreover, defendants have retained the equipment and continue to use it.

On or about July 21, 1983, AgriStor was served with a complaint by the defendants,

venued in the District Court of Lincoln County of the State of Minnesota. Also named in the state court action as defendants are A.O. Smith Harvestore Products, Inc. (AOSHPI), A.O. Smith Corp. and Hawke and Company Harvestore, Inc. (Hawke). (AgriStor's general partners are Steiner Financial Corp. and AgriStor Credit Corp. The latter is a subsidiary of A.O. Smith Corp. which is the parent of AOSHPI, the manufacturer of Harvestore equipment. Hawke is a dealer of Harvestore equipment.) Apparently, defendants assert in this state court action that defects in the leased Harvestore constitute breach of contract and failure of consideration that false representations were made to them by Jerry Teigland of Hawke. As of November 8, 1983, AgriStor claims that there has been no discovery or other proceedings, save the exchange of pleadings, in the state court action brought by defendants in this action.

*Discussion*

### A. Defendants' Motion to Stay or Dismiss

■■■ Defendants argue that this court should stay or dismiss this action because there is a related state court proceeding. The case law indicates, however, that the court should not decline to exercise its jurisdiction.

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *County of Allegheny v. Frank Mashuda*

*Co.*, 360 U.S. 185, 188–89, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959).

*Colorado River Water Conser. Dist. v. U.S.*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). In that case the Court outlined three categories which justify abstention.[1] Defendants have made no showing that this case falls into any of the exceptions to the exercise of federal jurisdiction. Moreover, the pendency of a state court action which involves similar or identical issues and parties is insufficient to justify even a stay. *United States v. Bunkers*, 521 F.2d 1217 (8th Cir.1975).

Defendants also made several arguments in their written materials apparently based on the position that other parties (the other defendants in the state court action) are indispensable and that they cannot be brought into this suit for jurisdictional reasons, thus resulting either in piecemeal adjudication or unfair results. Defendants did not mention the arguments at the hearing and have perhaps abandoned them. In either case, they are without merit. AgriStor properly points out that, even assuming these parties are indispensable, the solution would appear to be joinder under F.R.Civ.P. 13(h) or 14. Ancillary jurisdiction may be exercised over compulsory counterclaims. *See* 3 Moore's Federal Practice ¶ 13.39, at p. 13–236–7 (2d ed. 1983) and cases cited therein. Similarly, under Rule 14 there is substantial authority that diversity is not required between the defendants and the impleaded parties. *See* 3 Moore's Federal Practice ¶ 14.26, at p. 14–108 (2d ed. 1983); *Waylander-Peterson Co. v. Great Northern Railroad*, 201 F.2d 408 (8th Cir.1953).

There also appears to be no merit to defendants' argument that this court lacks personal or subject matter jurisdiction. There clearly is diversity jurisdiction between plaintiff and defendants. Defend-

---

**1.** (1) Cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law; (2) cases involving difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case than at bar; (3) cases invoking federal jurisdiction for the purpose of restraining state criminal proceedings. *Id.* at 814–16, 96 S.Ct. at 1244–1245.

ants fail to claim or show that minimum contacts are lacking for personal jurisdiction, and in fact sufficient contacts do exist.

B. *AgriStor's Motion for Pre-judgment Seizure*

 Pursuant to Rule F.R.Civ.P. 64, this court must look to the remedies provided by Minnesota law for pre-judgment seizure of personal property.[2]

Minn.Stat. § 565.23, subd. 3 provides that a claimant is entitled to such seizure if it demonstrates a probability of success on the merits, unless the court makes the following findings:

a. Respondent has shown a defense to the merits of claimant's claim, the defense is a fair basis for litigation and the defense would, if established at hearing on the merits, entitle Respondent to retain possession of the property;

b. The interest of respondent cannot be adequately protected by the bond filed by claimant pursuant to § 565.25, subd. 1 if the property is delivered to claimant prior to final decision on the merits; and

c. The harm suffered by the respondent would be substantially greater than the harm which would be suffered by claimant if the property were not delivered to the claimant prior to final decision on the merits.

It is undisputed that defendants failed to make the rental payments due on January 1, 1983, but they appear to argue that

alleged defects and failure of consideration, etc., constitute a defense to the merits of AgriStor's claim for replevin. But defendants have failed to show under § 565.23, subd. 3(a) that this alleged defense has any merit so as to constitute a "fair basis for litigation" or even that it would, if established, entitle them to retain possession of the equipment. First, even assuming the defects existed, they would not seem to warrant defendants' retention of the equipment. Second, the alleged defects were caused either by the manufacturer, AOSHPI, or the seller and installer, Hawke. But AgriStor cannot be held liable for the acts of either of these two parties because it had no control over their actions. Based on the record before this court, they were neither its agents nor so closely connected to it as to make AgriStor liable. According to the affidavits submitted on behalf of AgriStor, AgriStor approves only 60% of all lease applications submitted through Hawke; AgriStor has no control over the sales approach, discussions or negotiations with farmers carried on by Hawke.[3] In this case, the lease application process was conducted through Hawke's sales representative, Jerry Teigland. He is not an employee of AgriStor. As defendants admitted in their affidavit, they met Henry Grambling, AgriStor's credit supervisor, "only a couple of [times]". Defendants' affidavit ¶ 4.

Finally, defendants waived all defenses for product defect claims in the lease itself[4] and stated in the lease that they

**2.** Rule 64 provides:
At the commencement of and during the course of an action, all remedies providing for seizure of personal property for purposes of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought …

**3.** The system of leasing supports AgriStor's contention that there was no close connection between it and Hawke and that it was a holder in due course. Once a farmer decides to acquire certain equipment, he must obtain financing. One alternative is to lease the equipment from AgriStor by submitting a lease application. If

AgriStor approves the application, it purchases the equipment from the dealer and leases it to the farmer. The dealer is totally responsible for obtaining the equipment and installing it. Defendants do not contest this description provided by AgriStor.

**4.** Paragraph 4 of the lease provides:
Lessee has selected the equipment and is satisfied that the equipment is suitable for lessee's purposes. Lessor has not made and does not make any representation or warranty, either express or implied, as to the equipment, and expressly disclaims the implied warranties or merchantability and fitness for any particular purpose. Lessor is not responsible or liable (including, without limitations, under strict or absolute liability in tort or by statute) to les-

would be held to the lease terms regardless of any representations by salesmen and that they had not relied on any statements by the salesman or supplier.[5] For all of these reasons, defendants have failed to establish a defense to the merits of Agri-Stor's claim sufficient to prevent pre-judgment seizure pursuant to Minn.Stat. § 565.-23, subd. 3(a).

Defendants' interest can be adequately protected by the bond which claimant is required to file pursuant to § 565.25, subd. 1. But the fair market value ($80,000) used by AgriStor to compute the bond amount appears to be excessive. Information submitted by defendants indicates that a fair market value of $40,000 is more appropriate and the bond filed by AgriStor for pre-judgment seizure should be based on this amount.[6]

Finally, this court does not find that the harm suffered by defendants would be substantially greater than the harm which would be suffered by AgriStor if the property were not delivered to AgriStor prior to final decision on the merits. The value of the leased property is depreciating and will probably continue to do so. Moreover, defendants appear to be having financial difficulties which make it questionable whether AgriStor would be able to recover any damages which might be awarded to it as a result of this action.

Accordingly, based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to stay or dismiss is denied.

2. Contingent upon plaintiff filing a bond as set forth in Minn.Stat. § 565.25, subd. 1, plaintiff is entitled to possession of the following items of personal property pending final judgment herein:

1—2588 Harvestore

1—Goliath Unloader with 200' with 16" belt feeder

3. Defendants are directed to empty the equipment and to remove all structures appurtenant to the equipment by 1/5/84.

4. Defendants are directed to allow plaintiff or its designee to enter upon their real estate for the purpose of dismantling and re-taking possession of the personal property referred to in paragraph 1 above.

5. The United States Marshal is hereby authorized and directed to receive the above-referenced property from defendants and deliver the same to plaintiff.

6. The United States Marshal is further authorized to enter upon defendants' real estate in Lincoln County, Minnesota and legally described as:

Southeast Quarter (SE ¼) Section Sixteen (16), Township One Hundred Ten North (110 N) Range Forty-five West (45 W), Lincoln County, Minnesota.

by force, if necessary, to accomplish the seizure of said property.

---

see or any other person for (a) any loss or damage caused by or arising in connection with the equipment, (b) the use, operation or performance of the equipment, (c) delay in obtaining or installing the equipment or (d) delivery, installation, operation, servicing, maintenance, repair or replacement of the equipment.

5. Paragraph 4 of the lease provides:
In signing this lease, lessee has relied only upon the terms contained herein and not upon any statements or promises made by any other person. If the equipment is not properly installed or does not operate as warranted by the supplier or is otherwise unsatisfactory for lessee, lessee agrees that it shall continue to pay all rent due under this lease and lessee's exclusive remedy shall be to make

a claim against the supplier named in the purchase order for the equipment.
Paragraph 21 provides:
Lessee acknowledges and agrees that neither the supplier nor any salesman, employee or agent of the supplier is authorized to waive or modify any term or provision of this lease or to make any representation or warranty with respect to this lease or the equipment. No attempt to so modify this lease shall in any way affect lessee's duty to pay the rent and perform all its obligations hereunder.

6. Defendants may retain possession of the equipment by filing an appropriate bond pursuant to § 565.25, subd. 2. The order requiring seizure of the equipment will be stayed three days to allow defendants time to post this bond. *See* Minn.Stat. § 565.23, subd. 5.

7. Plaintiff is authorized to sell or otherwise dispose of the property pending final hearing on the merits.

8. Pursuant to Minn.Stat. § 565.23, subd. 5, the effective date of paragraphs 2–7 of this order is stayed for three days to allow defendants to post a bond pursuant to Minn.Stat. § 565.25, subd. 2.